Case 6:22-cv-00307-ADA   Document 1   Filed 03/22/22   Page 1 of 14

FILED
March 22, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE **Western** DISTRICT OF TEXAS

## **WACO** DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**Zachary Leon Trumble**
PETITIONER
(Full name of Petitioner)

**Alfred D Hughes Unit**
CURRENT PLACE OF CONFINEMENT

vs.

**02245477**
PRISONER ID NUMBER

**6:22-cv-00307**

**Warden Armstrong**
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a cert[...] completed by an authorized officer at your institution certifying the amount of mone[...] on deposit at that institution. If you have access or have had access to enough fund[...] filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☒ Other: unconstitutional prison restraint & conditions (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

2. Date of judgment of conviction: _____

3. Length of sentence: _____

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

-2-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

(b) Give the date and length of the sentence to be served in the future: N/A

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☑ No

**Parole Revocation:**

13. Date and location of your parole revocation: N/A

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☑ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☑ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    N/A

    Disciplinary case number: N/A

    What was the nature of the disciplinary charge against you? N/A

18. Date you were found guilty of the disciplinary violation: N/A

    Did you lose previously earned good-time days?   ☐ Yes   ☑ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    N/A

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    N/A

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☑ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: N/A

Date of Result: N/A

Step 2  Result: N/A

Date of Result: N/A

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** In violation of the 8th Amendment of the US. Constitution, I'm being held in a restraint that is cruel & unusual, not meted out in petitioners trail court, & extremely exaggerated by the continuing & gross lack of staff & consequences thereof. Petitioner has suffered & suffering, physical pain from starvation, emotional & psychological pain from extensive restraint inside the cell

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1.) Petitioner was sentenced to serve time in his Wichita County, Texas court at that time a bond was made & agreed to under the US Constitutional the custody would be regulated & sustained under the principle of the US Constitution

2.) It is a fact that Ruiz v. Estelle 503 f. Supp. 1265 & all its progeny established that petitioner is a class member referred to in that class action suit

3.) It is a fact that petitioner claims all of the rights & privileges made by the consent decree beetween the class members & the State

4.) Petitioner has been assigned to Alfred D Hughes unit twice once prior to the corona virus pandemic & currently for approximately seven months (see EXHIBit-A)

5.) During either of petitioner's assignments, Alfred D Hughes Unit has had a

B. **GROUND TWO:** violation of Due Proccess that is causing an myacal & significant hardship in relation to the ordinary incidents of prison life.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1.) normally as a seg classification petitioner & those similary situated would eat trays prepared as the food service manual instructs & in santary conditions, not cold, properly potioned & attend recreation like policy instructs, recive medical treatment as policy demands be able to write grivances without having them thrown away processing them according

2.) petitioners trail court only contemplated petitioners conditions of confinment been regulated under ordinary prison structure, the stadment made in "Ground one" hereky incorporated in Ground Two by referance

3.) In Ruiz v. Estelle. 503 f. supp. 1265,1364 the present & future inmate class entered into a Consent Decree with the state petitioner is a class member refered to in the Decree. (see part N(5)(1) of Concent Decree)

4.) During any criminal trail all a Judge & Jury are able to contemplate is time being served by the convicted party according to the policies duly enacted by TDCJ & instituted by the legislature

(continued on 6 B at Ground Two)

-6-

C. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

—7—

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes   ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

This is a unconstitional _____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. __N/A_____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __N/A_____

(b) At arraignment and plea: __N/A_____

(c) At trial: __N/A_____

(d) At sentencing: __N/A_____

(e) On appeal: __N/A_____

(f) In any post-conviction proceeding: __N/A_____

-8-

(g)   On appeal from any ruling against you in a post-conviction proceeding: _____

_____N/A_____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

This is a prison conditions restraint of liberty; The restraint is presently occurring

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on March 16th 2022 (month, day, year).

Executed (signed) on March 16 2022 (date).

_____
Signature of Petitioner (required)

Petitioner's current address: Hughes Unit Rt 2 Box 4400 Gatesville, TX 76597

_____

—10—

20. (Continued)

A. GROUND ONE: Sustained lack of staff in all departments noticeable to inmates.

6.) Currently, according to the January 2022 unit Employee Roster Respondent has (408) employees assigned to Alfred D Hughes unit.

7.) Based on Petitioner's multiple years of prison experience & engaging relative discussions with knowledgeable administrative officers & corrections supervisors, a maximum security unit such as Hughes unit, called 2,250 or Michael & Telford unit, needs approximately (1,030) security officers to operate effectively.

8.) In the Ruiz Consent Decree (Decree), the state, after multiple years of obstruction to administration of justice & falsifying government documents, agreed that many of the problems shown throughout the trial were due to personnel shortage. Furthermore, the Decree agreed that would not be anymore personnel shortages.

9.) The Respondent's personnel shortage was prevalent pre-Covid-19; during the Covid-19 pandemic it has been overwhelming. This is a fact because Respondent has been responsible for forcing officers to work (24) hours to (30) hour shifts with officers at times literally sneaking inside cells to sleep, walking off duty post, being assigned multiple duty post, perfunctorily walking around to give some impression to one looking at a camera that the job is getting done, when in fact Petitioner & those whom are similarly situated are being refused emergency medical treatment, food genuily & nutritional deprivation regularly, no out of cell recreation, no library books, Law Library access, telephone calls visits & the exact problems discussed in the Ruiz litigation.

10.) Covid-19 Protocol is not a factor here, but Respondent is erresponsiply relying on it to cover up the real problem of being severely understaffed.

11.) Petitioner has written grievances, attempting to establish a record to present to the Court & state higher level administration. This tactic of documentation does not work because under some new Covid-19 Protocol, the grievance officer, who is suppose to be neutral is restricted from coming to the Pods to pick up grievances. Petitioner has written several grievances with regard to the ongoing constitutional violations, which has generally made up the everyday routine for Petitioner & those similarly situated. The officers who feel like picking up the grievances throw away most or all of the grievances complaining against there officer are unit issues.

12.) During Petitioner's current custody at Alfred D Hughes, he & those similarly situated have only been offered an opportunity for recreation one time as of March 1st 2022. Policy allows recreation every day & one time per week outside for Petitioner normally.

13.) During Petitioner's current custody at Alfred D Hughes he & those similarly situated have only been offered the opportunity to shower once every seven days; at times once every ten days.

14.) In regard to feeding, there has been no alternative feeding policy due to the Covid-19 Protocol, nor the sustained lack of staff. The food service manual gives instructions as to the caloric intake; what should be provided on every meal tray or in each sack lunch to add up to the 2000 caloric diet.

15.) At no time since Petitioner has returned has the food service manual been adhered to in regard to Petitioners meals or those similarly situated. A regular example would be, at breakfast meal when regular "Hot Tray" are served, there should be a full scoop of eggs (4oz), cereal, milk, butter, sugar. Breakfast sack meal should consist of one Peanut Butter sandwich, an egg, prunes & milk. What actually happens routinely, & without relief

20. (CONTINUED) 6(B)

A. GROUND ONE: is on the breakfast hot trays Petitioner receives one maybe two teaspoons of white gravy, & two medium sized biscuits if not plain bread a breakfast sack meal would have one peanutbutter sandwich — Nothing Else

16.) Each meal has similar deficiencies & all are extremely inadequate.

17.) Petitioner suffers hunger paines, extreme weight loss, disorientation acute depression & severe loss of energy a drain on his will to live & progress

18.) Petitioner has regular interaction with staff & inmates & has concluded that security staff are being forced to enter extensive conspiracyes that include retaluation to inmates who complain & falsifying goverment documents that would, with out said falsification exspose blatant constitutional violations. Through reasonable information & belief, Petitioner alleges that Respondent act with knowledge, approval, acquiescence, aid & assistance from all his subordinates & rank & warden

19.) Petitioner has been called a snich & asolted to to rank calling me a snich for reporting these actions & Rights vilations Petitioner has had all his property thrown away for filing grivances Petitioner has witnessed those similarly situated as he is lose their righ mind & attempt physical altercations in an atempt to save themselves from further punishment & assalts from staff & property loss. The common tactics used by Respondent involve, but is not limited to unlawful confiscation of personal authorised property, excessive forse used agenst them starvation, refusul of medical access & false cases wrote & 5 man teams fursed on inmates at the blue & for no other reson that writing grivances are telling famaly & frinds

20.) The Respondent is aware that a substantial risk to Petitioners & those similarly situated mental, physical, & emotional health & he is suppressing as much evidence there of

21.) There have been no notices or hearings known to Petitioner as to the extended or excessive restraints made by Respondent, & the acts explained above are ultra vires

22.) If Petitioner attempts to try to make things go right, the supervisor will obtain authorization to use forse up until death to gain "compliance, even if Petitioner not a threat to self are others & only asking rules & policy's followed

23.) Petitioner is currently classified as "C.M.I" even thow Im not crazy & heat-restricted & is housed on Hughes unit 12 building, wich is a single-man cell In this classification Petitioner & those similary situated sit in isalation (24) hours a day (7) days a week do to Petitioners rights vilations

24.) Today is Febrary 24, 2022 & there has been one opportunite for restriction to go to recreation

25.) Administration, to cover there tracks will run one are two pods where there recording video footage are only run level one offenders wich is a nuther way to suppress offenders

26.) Because of these unconstitutional restraints described above Patitioner has slipt to manic depresion, loss slip & locks cell door In fear of his life do to writing & reporting officers

B GROUND TWO: 5.) Because conviction & sentencing passed without the current conditions in these entirety, being explained to a Judge as a fact of Petitioners sentence This institutionalizations ongoing Constitutional violations is a condition that should have been contemplated by the sentencing Judge/curt

6.) The Judge sentence Petitoner & thereby, made him a future class member sefered to in the Ruiz Consent Decree, wich addressed recreation, grievance handling acess to medical care & consent decree adequate staffing; All of wich have been in violation on Hughes unit well before Covid 19 was an issue

7.) The State of Texas, as Petitioner has recently read, has the worse correctional staffing problem in the U.S. since staffing has been an issue since at least the …

B. **GROUND TWO:** Ruiz Decree era, it is now a fact, subsequent to multiple decades with the same problem, that the Texas Dept. of Criminal Justice has established & maintained a state prison culture of personnel shortage, in violation of said Decree & Constitutional violation it has been of

5.) In 2021 any well read person knows that prolonged confinement in isolation or restrictive housing such as where petitioner & those similary situated & located, causes severe mental & emotional impediments after wich follows physical deterioration harm.

6.) Respondent could have implimented by policies under the Covid-19 protocal, but he failed to do so. Respondent's aggressive intra virus acts or omissions have conclude in a culture of constitutional violations that violate the 14th Amendment prohibition agenst deprivation of life, liberty or property without due process of law. Due process, in this case, would have a trial court having the facts of Hughes unit actual state of being, the state having correctional employee shortage, its ill-preparedness for a pandemic the states willingness to violate a contract it entered into in Ruiz, supra.

7.) The conviction made with petitioner & the state on his present sentence was a bond that agreed that established TDCJ policies would be adherd to, that petitioners would be Reasonably safe. for exam besides knowing that keeping petitioner restricted to his cell (24) hours a day is really harmfull when 6 to 10 officers only show up to work it is actually impossible for them to perform their duties such as (30) minute security checks at wich time an officer would walk around their assigned pod or duty post checking on the inmates wellbeing so we all know keeping individuals in cells for long periods of time will make them go "crazy" but because the state is causing the craziness, they too are responsible for following their own policey to check on petitioners while he is Trapped in his cell (24) hours a day

Petitioner is presently held in an unconstitutional restraint because of the Respondents deliberate failure to hire enough employees, his deliberate failure to institute substitute policies to gaurd agenst the constitutional violations Alfred D Hughes unit has itself become

8.) at his trial, conviction & sentencing it was understood through the bond that petitioner has an overwhelming interest in his overall health & well-being petitioner has been attempting self-improvement through mail-out educational courses lately due to the ailments described above petitioner has not had the wherewithal to do anything that requires constant effort, paying another inmate to draw this very petition

9.) Respondent has harmed & is harming petitioner physical integrity by his acts or omissions such as Refusing to employe enough personel to properlly opperate Alfred D Hughes unit his refusel to publicley admit what is actually happening due to staff shortage blended with the covid 19 pandemic his Refusal to uppropriate rules that deal with real problems & situations that permeate Hughes unit culturer.

Zachary Trumble #2245477
Hughes Unit
Rt 2 Box 4400
Gatesville, TX 76597

"Legal"
Mail

RECEIVED
MAR 21 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

CERTIFIED MAIL

7020 1810 0000 0685 5634

Clerk US District Court
Western District of Texas
800 Franklin Avenue, Room 380
Waco, TX 76701

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CLERK, US DISTRICT COURT
   WESTERN DISTRICT OF TEXAS
   800 FRANKLIN AVENUE Room 380
   WACO, TEXAS 7670

9590 9402 6401 0303 7717 18

2. Article Number (Transfer from service label)

   7020-1810-0000-0685-5634

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Zachary ___   ☐ Agent  ☑ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☑ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt